1  **MARGO A. RAISON, COUNTY COUNSEL**
   **COUNTY OF KERN, STATE OF CALIFORNIA**
2  **By: Marshall S. Fontes, Deputy (SBN 139567)**
   **Kern County Administrative Center**
3  **1115 Truxtun Avenue, Fourth Floor**
   **Bakersfield, CA 93301**
4  **Telephone 661-868-3800**
   **Fax 661-868-3805**
5

6

7  **Attorneys for Defendants**
   **County of Kern, et al.**

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11

12 **JOHN SCALIA, individually and as**          **CASE NO.:  1:17-CV-01097 LJO JLT**
   **successor-in-interest of Decedent,**
13 **KIMBERLY MORRISSEY-SCALIA,**               **STIPULATION FOR PROTECTIVE**
                                                 **ORDER AND [~~PROPOSED~~] ORDER**
14                          **Plaintiff,**       **(Doc. 42)**

15          **v.**

16 **COUNTY OF KERN, a municipal**
   **corporation, Kern County Hospital**
17 **Authority, a public entity and/or agency of**
   **the COUNTY OF KERN, Kern County**
18 **Sheriff DONNY YOUNGBLOOD, Kern**
   **County Sheriff's Sergeant JOEL**
19 **SWANSON, Kern County Sheriff's**
   **Detention Deputies RANDI ALLEN and**
20 **MISTY MILLER, Kern County Hospital**
   **Authority Staff Nurse ROWENA P.**
21 **BLAKELY, R.N., and DOES 1-100, Jointly**
   **and Severally,**
22

23                          **Defendants.**

24

25

26         It is hereby stipulated by and between the parties through their respective counsel, Jeff

27 Dominic Price, Esq., and Sanjay S. Schmidt, Esq., for plaintiff, JOHN SCALIA ("plaintiff"),

28 Hugh S. Spackman, Esq., for KERN COUNTY HOSPITAL AUTHORITY and ROWENA P.

                                                1

BLAKELY, R.N.  (collectively "Hospital Defendants"), and Marshall S. Fontes, Deputy County Counsel, for COUNTY OF KERN, SHERIFF DONNY YOUNGBLOOD, JOEL SWANSON, RANDI ALLEN and MISTY MILLER (collectively "County Defendants"), that the following Protective Order be entered:

**1.     Definitions:**

The following definitions shall govern the construction of this stipulation unless the context otherwise requires.

(a)     CONFIDENTIAL Information.   "CONFIDENTIAL Information" means any and all Information regardless of format or medium, including personal, proprietary, and financial information, state and federal tax records, and other Information which a party has a right to protect from unrestricted disclosure.  In the context of the present case, it also includes, but is not limited to: (1) any peace officer information protected by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047 and (2) medical records of the decedent, Kimberly Morrissey-Scalia.

(b)     Disclosing Party:  "Disclosing Party" means the party who discloses CONFIDENTIAL Information.

(c)     Information. "Information" means discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

(d)     Notice.  "Notice" means reasonable notice under the circumstances.  The manner and amount of Notice shall be governed by the particular circumstances.

(e)     Person.  "Person" means person as defined in California Evidence Code § 175.

(f)     Documents. "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential."  The term "documents" is limited to material

2

or information produced in the above-captioned litigation.

**2.    Scope and Intent.**

(a)    Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation.  However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

(b)    The purpose and intent of this Order is to protect CONFIDENTIAL Information produced by both parties.  Nothing in this stipulation shall be construed to change existing law or shift existing burdens. The Parties acknowledge that this Order does not confer blanket protections on all disclosures, or responses to discovery, and that the protection it affords extends only to the limited information, or items, that are entitled under the applicable legal principles to treatment as confidential.

(c)    The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

(d)    The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation.  In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court.

(e)    This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(f)    This stipulation shall be submitted for the signature of the Magistrate Judge assigned to this case in an ex parte manner without need of a formally noticed motion.

3

**3.     Designation of CONFIDENTIAL INFORMATION.**

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information. By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**4.     Oral Deposition Testimony.**

A party may designate as CONFIDENTIAL Information, Information disclosed during oral deposition by stating so on the record or in writing within 30 days from receipt of the transcript.  Where documents that have been designated as CONFIDENTIAL are entered into the record of a deposition or where CONFIDENTIAL Information is disclosed during deposition, such portion of the deposition containing CONFIDENTIAL Information shall be separately bound and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject to the provisions of this stipulation.

4

**5.    Challenging Confidentiality Designations**

      **5.1**    <u>**Timing of Challenges.**</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      **5.2**    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      **5.3**    <u>**Judicial Intervention.**</u>

      No motion relating to the designation of Information as CONFIDENTIAL may be filed without prior approval of the assigned Magistrate Judge.  If the parties cannot resolve a challenge without Court intervention, the Designating Party shall promptly seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the Designating Party to arrange and originate the conference call to the court.  If the challenge remains unresolved at the conclusion of the telephonic hearing with all involved parties and the Magistrate Judge, the Designating Party, with permission of the Magistrate Judge, shall file and serve a motion to

5

retain confidentiality of the designation in accordance with Local Rule 251, of the U.S. Eastern District Court of the State of California, the filing of which must occur within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.

Each such motion under Local Rule 251 must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to either make such a motion including the required declaration within 21 days (or 14 days, if applicable), or to initiate Judge Thurston's Informal Telephonic Conference procedure shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing either to file a motion to retain confidentiality or to initiate Judge Thurston's Informal Telephonic Conference procedure as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**6.** **Information Which Is Not Confidential.**

Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this stipulation where such Information, is at the time of disclosure, in the public domain by publication otherwise.

**7.** **CONFIDENTIAL Information Obtained from Third Parties.**

If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the benefits and burdens of this stipulation.  Likewise, any party may designate material or Information obtained from a third party as CONFIDENTIAL.

///

**8.    Inadvertent Disclosure.**

An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**9.    Documents Filed With The Court.**

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

**10.    Dissemination to Third Parties.**

(a)    CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, and counsel.  Before any person receives access to CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms.

(b)    If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena.  The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

**11.    Use of CONFIDENTIAL Information During Trial.**

The Parties will identify in their exchange of Pre-Trial exhibit lists any documents they intend to use, other than for impeachment, which are CONFIDENTIAL.  If a party intends to introduce into evidence any CONFIDENTIAL Information at trial, which the opposing party has objected to in the exchange of Pre-Trial exhibit lists, the objecting party SHALL notify the Court in the joint pretrial conference statement of the objection and its basis and SHALL seek

7

an order related to the introduction of this evidence at trial.  The preceding requirements shall not apply to any information or documents that have lost their CONFIDENTIAL designation at the time of the filing of the Pre-Trial exhibit list, in any manner set forth above, in ¶ 5.

**12.    Duty to Use Reasonable Care.**

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

**13.    Enforcement.**

(a)    Prior to bringing any motion or application before the Court for enforcement of this stipulation, the parties shall comply with the procedures set forth in paragraph 5.

(b)    In the event anyone shall violate, attempt to violate or threaten to violate any of the terms of this stipulation, after compliance with the procedures in paragraph 5, the aggrieved party may apply to the Court to obtain compliance with this stipulation or to obtain appropriate injunctive relief.  Each party agrees that, in response to an application for injunctive relief, it will not assert the defense that the aggrieved party possesses an adequate remedy at law.

(c)    The Court may make any order against a party to this stipulation it deems appropriate to compel compliance in addition to any injunctive relief available to the parties.

(d)    If CONFIDENTIAL Information is disclosed to any person other than as allowed by this stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the aggrieved party and without prejudice to the other rights and remedies of any party, make every effort to prevent further disclosure.  Fines and/or sanctions for inadvertent or intentional disclosure shall be decided by the Court after briefing and argument by all parties concerned.

**14.    Return/Destruction of Documents.**

Within 60 days after final termination of this action, including all appeals, each party shall be responsible for returning or destroying all original and/or copies of all CONFIDENTIAL Information produced during the course of this action and subject to this order, including all excerpts thereof, except that counsel may retain all memoranda, and correspondence derived from such CONFIDENTIAL Information and any such

8

CONFIDENTIAL Information necessary for purposes of maintaining a legal file but after the end of such years, all such retained CONFIDENTIAL Information shall be returned or destroyed.

**15.    Modification and Amendments.**

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

**16.    Duration of Stipulation.**

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

Respectfully submitted,

Dated:  November 13, 2018        JEFF DOMINIC PRICE, ESQ.
                                 SANJAY S. SCHMIDT, ESQ.


By:   /s/ Jeff Dominic Price
        Jeff Dominic Price, Esq.
        Sanjay S. Schmidt, Esq.
        Attorney for Plaintiff, John Scalia,
        individually, and as successor in interest of
        decedent, Kimberly Morrissey-Scalia


Dated: November 13, 2018         MARGO A. RAISON, COUNTY COUNSEL


By:   /s/ Marshall S. Fontes
        Marshall S. Fontes, Deputy
        Attorneys for Defendants,
        County of Kern, Donny Youngblood, Joel
        Swanson, Randi Allen and Misty Miller

9

Dated: November 13, 2018

KLINKENBEARD, RAMSEY, SPACKMAN AND CLARK, LLP


By:  /s/ Hugh S. Spackman
          Hugh S. Spackman, Esq.
          Attorneys for Defendants,
          Kern County Hospital Authority and
          Rowena Blakely, R.N.

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Eastern District of California on

_____ in the case of *Scalia v. County of Kern, et al.*, No. 1:17-cv-01097-

LJO-JLT (E.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

     I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER THEREON

# [~~PROPOSED~~] ORDER

Based on the above-stipulation and the court finding good cause.


IT IS SO ORDERED.

Dated:   **November 14, 2018**             **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

12