**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SCALIA, individually and as successor in interest of Decedent Kimberly Morrissey-Scalia,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01097 NONE JLT<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR AN ENLARGEMENT OF TIME TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 101) |

On October 8, 2020, the Court issued Findings and Recommendations denying Plaintiff's motion for sanctions due to spoliation, and the parties were given fourteen days to file any written objections. (Doc. 100) Plaintiff asserts he needs additional time to respond to the Findings and Recommendation. (Doc. 101)

Plaintiff notes because the Court "cites numerous cases that neither party cited in the original briefing, and a proper and adequate discussion of the spoliation issues in this case requires substantial time to research and address," and the Findings and Recommendations were issued during an "extraordinarily busy time period" for counsel, who is "short-staffed due the pandemic." (Doc. 101 at 5, 6) In addition, Plaintiff contends the additional time will not cause prejudice to the defendants

because there are no deadlines pending before the Court for the parties.[1] (*Id.* at 5) Thus, Plaintiff requests that the Court grant "an extension of 21-days within which to file written objections." (Doc. 101 at 7) Based upon the foregoing, the Court **ORDERS:**

1. Plaintiff's ex parte application for an extension of time is **GRANTED**; and
2. Plaintiff **SHALL** file any written objections to the Findings and Recommendations no later than **November 12, 2020.**

IT IS SO ORDERED.

Dated:   **October 19, 2020**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff's suggestion that because of the length of time that it took to decide the motion means the motion was "complex." (Doc. 101 at 5) Apparently, the plaintiff is unaware of the judicial crisis in this District, the fact that this Court carries a higher weighted caseload than virtually every other district in the entire federal systems and the fact that the Court must prioritize the expenditure of judicial resources, resulting in delays in in many, if not, most, cases. Thus, rather than his motion being complex—it was not—it fell victim to the crisis this District has faced for more than a decade.