UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCALIA, individually and as successor-in-interest of Decedent KIMBERLY MORRISSEY-SCALIA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | No. 1:17-cv-01097-NONE-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REASSIGNMENT AND DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Docs. 115, 121) |

**INTRODUCTION**

On October 8, 2020, the undersigned, as a Magistrate Judge, issued findings and recommendations regarding John Scalia's motion for spoliation sanctions against several defendants.[1] On December 22, 2021, District Judge Dale A. Drozd adopted those findings in part and directed the parties to meet and confer to establish a schedule for further briefing on the issue of spoliation sanctions against only the County of Kern. (Doc. 111.) Following that order, the case was reassigned to the undersigned, who was elevated to the position of District Judge. (Doc. 113.) County of Kern filed a motion for reconsideration of Judge Drozd's order, which defendant Rowena Blakely joined, (Docs. 115, 118), and Plaintiff opposed. (Doc. 130). Plaintiff then filed

---

[1] These findings and recommendations were initially issued as an order, which was then withdrawn. (Doc. 100.) The Court then conducted a *de novo* review of the findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C).

1

a motion to reassign the case to another district judge, (Doc. 121), which was opposed by both the County and Blakely.  (Docs. 124, 125).  Both Plaintiff and the County submitted replies in support of their motions.  (Docs. 136 and 138, respectively.)  Both motions are **DENIED**.

## ANALYSIS

**A.    Motion to Vacate Reassignment**

Plaintiff asserts that the undersigned should recuse from this case on the basis of *Dawson v. Marshall*.  In *Dawson*, a Ninth Circuit panel suggested that district courts should "avoid assigning new district judges to cases they handled as magistrate[] [judges]."  561 F.3d 930 (9th Cir. 2009).  This suggestion by the Ninth Circuit was nonbinding dicta.[2]  In any event, the Ninth Circuit has confirmed that the continuing involvement of a magistrate judge elevated to district judge does not require recusal unless it prejudices the petitioner or raises Article III concerns.  *See Lamon v. Ellis*, 584 F. App'x 514, 516 (9th Cir. 2014) [citing *Dawson* for the proposition that the situation "violated no law and denied" no right to the moving party.] Plaintiff has alleged neither prejudice nor Article III concerns from the undersigned's continued involvement in this case. Plaintiff also alleges no basis for self-recusal or disqualification of the undersigned per 28 U.S.C. §§ 144 and 455.  Therefore, Plaintiff's motion for reassignment is DENIED.[3]

**B.    Motion for Reconsideration**

Defendants County of Kern and Blakely ask this Court to reconsider the December 22, 2021 order directing further briefing on the issue of sanctions against the County.  (Docs. 115, 118.)  Neither the County nor Blakely articulates proper grounds for reconsideration. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district

---

[2] Notably, there was no information imparted to either the undersigned or Judge Drozd when determining the spoliation motion that was not gained through the filings on the public docket. The suggestion that merely because a judge read the pertinent filings and issued a consequent ruling makes it improper for that judge to consider future filings, is difficult to grasp. If this were true, then in *every* case a judge would be able to issue only one ruling before the case would need to be reassigned to a different judicial officer.

[3] In his reply, Plaintiff suggests that the Judicial Code of Conduct Canon 3(C)(1)(e) also requires recusal. The Court disagrees that the Canon contemplates the current factual situation as demonstrated by *Lamon*, and *Dawson*, neither of which determined that recusal was necessary. Rather, it appears the Canon contemplates situations in which the assigned judge reviews his/her own prior rulings or has extrajudicial information about the case.

2

court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).

County's motion fails to allege any of these circumstances. The County provides no newly discovered evidence or change in intervening law and otherwise provides no basis for a finding that Judge Drozd clearly erred in his prior order. Instead, County uses its motion for reconsideration as a "vehicle to reargue the motion" and presents only a disagreement with the Court's prior decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citations omitted). In fact, the entire motion is styled in a "point, counterpoint" manner comparing Judge Drozd's findings with the County's preferred version of the facts and the law. (Doc. 115 at 6–21.)

Only in its reply brief does County raise a potential legal basis for reconsideration. (Doc. 138 at 5.) There, the County asserts that it cannot be sanctioned for its spoliation because the County "only remains a Defendant in the Sixth Cause of action for medical negligence"[4] and there is "no factual or legal basis for awarding sanctions against [the] County based upon medical negligence." (Doc. 138 at 5–8.) The County claims that its moving papers provide support for this assertion, but the moving papers make no such claim-specific argument. Ultimately, the County fails to cite any authority supporting the contention that the details of its status as a defendant can completely obviate the possibility of sanctions. If the County means to assert that some possible sanctions may be inappropriate in relation to the causes of action that remain against the County, the proper place for that debate is in the supplemental briefing properly ordered by Judge Drozd on December 22, 2021.[5]

Blakely's motion also fails to demonstrate an actionable basis for reconsideration, noting

---

[4] The parties appear to disagree about whether there remains a *Monell* claim against the County. (*See* Doc. 130 at 8.) This dispute, while crucial to the underlying litigation, is outside the scope of the motion for reconsideration and will not be addressed in this order.

[5] Briefing by County and Blakely allude to Judge Drozd's involvement in this case as somehow improper, unauthorized, or without notice. (Docs. 115 at 6; 118 at 3; 138 at 4.) The Court encourages the parties to take note of Judge Drozd's February 3, 2020 standing order, alerting the parties that he would preside as the district judge in this case, (Doc. 96-1), as well as Chief U.S. District Judge Kimberly J. Mueller's October 28, 2021 Order of Clarification, which confirms that Judge Drozd maintained authority to issue orders in this case, over which he formally presided at that time. (Doc. 110)

only that some sanctions levied against the County may prejudice her defense at trial. (Doc. 115 at 3.) This concern is premature until the Court actually imposes a sanction. Like the County, Blakely is welcome to use the supplemental briefing process to further detail her concerns regarding the appropriate sanctions in this case.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's Motion to Vacate Assignment of Case and for Reassignment of Action to Another District Judge (Doc. 121) is **DENIED**.

2. Defendant's Motion for Reconsideration or Alternatively Clarification of Ruling Regarding Spoliation Sanctions (Doc. 115) is **DENIED**; and

3. **No later than 30 days of this order**, the parties **SHALL** file a joint statement setting forth their position as to the proper sanctions to be imposed, consistent with the Court's order, dated December 21, 2021 (Doc. 111)**.**

IT IS SO ORDERED.

Dated:   **March 15, 2022**

UNITED STATES DISTRICT JUDGE

4