UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCALIA, individually and as successor-in-interest of Decedent KIMBERLY MORRISSEY-SCALIA,<br><br>**Plaintiff,**<br><br>v.<br><br>**COUNTY OF KERN, et al.,**<br><br>**Defendants** | CASE NO. 1:17-cv-01097-AWI-CDB<br><br>**ORDER ON ATTORNEY FEE AWARD**<br><br>(Doc. No. 145, 159, 160) |

On March 2, 2023, this Court granted in part Plaintiff's motion for spoliation sanctions against Defendant County of Kern for failure to preserve video evidence in violation of Federal Rule of Civil Procedure 37(e). Doc. No. 158. The Court denied the motion's request for a mandatory adverse inference instruction but granted the request for a permissive adverse inference instruction and attorney fees associated with bringing his motion. Id. The Court found it could not rule on the amount of attorney fees without additional evidence and ordered Plaintiff to submit a declaration and records to the Court in support of the above attorney fees award. Id. On March 16, 2023, Plaintiff filed its supplemental briefing. Doc. Nos. 159 and 160. On April 6, 2023, Defendant filed a response, Doc. No. 164, and on April 13, 2023, Plaintiff filed a reply. Doc. No. 165. Having considered the supplemental briefing by the parties, the Court GRANTS IN PART and DENIES IN PART Plaintiff's request for attorney fees amount.

**Legal Standard**

When an award of attorneys' fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Roberts v. City & Cty. of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019). Courts use the lodestar method to determine what constitutes a reasonable attorneys fee. Roberts, 938 F.3d at 1023. The starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433. Where appropriate, the Court may then adjust the lodestar amount based on several factors adopted by the Ninth Circuit in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), known as the *Kerr* factors.[1]

In considering what constitutes a reasonable hourly rate, the Court looks to the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984); Sam K. v. Haw. Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015). The "relevant community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013).

In determining the number of hours reasonably expended, the Court should exclude hours that were not reasonably expended and hours that are excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434; McKnight v. Hinojosa, 54 F.4th 1069, 1077 (9th Cir. 2022). "The party seeking an award of fees should submit evidence supporting the hours worked." Hensley, 461 U.S. at 434; McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009). The opposing party bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged. McGrath v. Cty. of Nev., 67 F.3d 248, 255 (9th Cir. 1995). The Court also has an independent duty to review the evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. Hensley, 461 U.S. at 433, 436-47.

---

[1] The *Kerr* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Kerr, 526 F.2d at 70.

2

**Discussion**

Plaintiff's counsel Jeff Dominic Price and Sanjay Schmidt request an hourly rate of $475 and $375, respectively. Price submitted time records showing 62.4 hours allegedly spent on attorney fees associated with bringing Plaintiff's motion for spoliation sanctions. Doc. Nos. 159 and 159-1. Schmidt submitted time records showing 295.1 hours. Doc. Nos. 160 and 165. In response, Defendant County asserts that many of the time records and requested fees are duplicative, cumulative, and excessive. Doc. No. 164. For example, the County argues that Schmidt failed to submit sufficient evidence supporting the hours worked on Plaintiff's spoliation motion before September 2019 and that many of his time entries are unclear as to which legal proceedings the time was spent on. Id. In reply, Price and Schmidt contend that their time entries correspond to work performed on matters that have a sufficient nexus with Plaintiff's spoliation motion. Doc. No. 165.

As an initial matter, the Court notes that Plaintiff does not argue or present any evidence that the overall attorney fees amount should be increased based on the *Kerr* factors. In other words, Plaintiff does not argue or present any evidence that its spoliation motion involved novel or difficult questions or required a high degree of skill. See Kerr, 526 F.2d at 70. With this in mind, the Court will determine what constitutes a reasonable attorney's fee based on the number of hours reasonably expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433.

With respect to hourly rate, the Fresno Division of the Eastern District of California is the "relevant community" for purposes of determining the "prevailing market rate." Deerpoint Grp., Inc. v. Agrigenix, Ltd. Liab. Co., 2022 U.S. Dist. LEXIS 197646, *59 (E.D. Cal. Oct. 31, 2022). In this Division, "attorneys with twenty or more years of experience are awarded $350.00 to $400.00 per hour." Id. (collecting cases). Attorneys with ten to twenty years of experience are awarded $250.00 to $325.00 per hour. Webb v. Cty. of Stanislaus, 2022 U.S. Dist. LEXIS 26568, *18 (E.D. Cal. Feb. 11, 2022) (citing Perkins v. City of Modesto, 2020 U.S. Dist. LEXIS 140970, *2 (E.D. Cal. Aug. 6, 2020) (collecting cases)). Recent cases have maintained the same hourly rates. Deerpoint Grp., Inc., 2022 U.S. Dist. LEXIS 197646, at *60 (collecting cases decided in 2022). Given that Price has approximately 35 years of practicing experience and that Schmidt has

3

approximately 17 years, the Court finds that $400 is a reasonable hourly rate for Price and $325 is a reasonable hourly rate for Schmidt. Deerpoint Grp., Inc., 2022 U.S. Dist. LEXIS 197646, at *59; Webb, 2022 U.S. Dist. LEXIS 26568, at *18.

Furthermore, with respect to the number of hours expended by Price and Schmidt, the Court agrees with Defendant County that many of the submitted time records and requested fees are excessive, redundant, unnecessary, or otherwise insufficient to support the hours allegedly worked. Hensley, 461 U.S. at 434; McKnight v. Hinojosa, 54 F.4th 1069, 1077 (9th Cir. 2022); McCown, 565 F.3d at 1102. For example, the time entries Schmidt submitted from July 1, 2016 to June 9, 2022 are redundant and vague in that they include numerous generic and identical descriptions for work allegedly performed. See Doc. Nos. 160, 160-1, 160-2, 160-3, 160-4, 160-5, 160-6. Each of the following entries were made on numerous occasions without any distinction: "Research Re Spoliation," "Preparing for Rule 30(b)(6) Deposition," "Downloading & Reviewing Docs," "Drafting Spoliation Section," "Researching Spoliation Motion," "Researching and Drafting Spoliation Motion," "Drafting Spoliation Motion," "Final Proofreading of Spoliation Motion," "Updating Declaration," "Reviewing KCHA Opp.," "Researching and Drafting Reply," "Drafting Reply," "Drafting Request for Extension," "Draft Objections to Mag's F&R," "Conducting Research for Objections," "Drafting Objections," "Drafting Reply," "Drafting Ex Parte Request," "Drafting Opposition," "Drafting Opp. To Mxn for Reconsideration," "Drafting Pltf's Portion of Joint Report," "Drafting Plaintiff's Brief Re Sanction," "Drafting Reply Brief Re Sanctions," and "Review and Revise Reply Briefs." Furthermore, many of the time entries of both Schmidt and Price provide vague, generic, and nearly identical work descriptions regarding the same matter—i.e., "Plan for Motion for Reconsideration," "Prepare Reply," "Research Spoliation," "Prepare Objections," and "Prepare Opposition"—leaving the Court with little choice but to believe that their work was indistinguishable and duplicative. All the vague and redundant work descriptions discussed above render the Court's review for reasonableness exceedingly difficult and warrant a reduction in the number of hours expended. See Miller v. Schmitz, 2017 U.S. Dist. LEXIS 21513, *46 (E.D. Cal. Feb. 15, 2017) ("[L]arge block-billed entries with descriptions such as 'draft' or 'research' a motion are unhelpful."); Archer v. Gipson, 2015 U.S.

1  Dist. LEXIS 172270, *31 (E.D. Cal. Dec. 28, 2015) (discounting requested time after noting that
2  counsel "fail[ed] to include a description of what legal issues required research").

3        Additionally, many of counsel's time entries are excessive in listing time durations that
4  should have been significantly less.  For example, counsel state they spent approximately 4.1
5  hours preparing an 8-page reply to Defendants' response to Plaintiff's requested attorney fee
6  award.  Doc. No. 165 at 8.  Approximately 2 hours would have been reasonable "because the
7  issues addressed in this pleading were straightforward and not complex."  Mkrtchyan v.
8  Sacramento Cty., 2022 U.S. Dist. LEXIS 5723, *12-13 (E.D. Cal. Jan. 11, 2022).  Additionally,
9  counsel state they spent approximately 70 hours of time (approximately 8 hours by Price and
10 approximately 62 hours by Schmidt) preparing Plaintiff's motions for spoliations and reply.  Doc.
11 Nos. 86, 92, and 93.  Given that counsel previously briefed these issues and facts largely in their
12 opposition to Defendants' motion for summary judgment, Doc. No. 69, spending 70 hours
13 preparing their spoliation motion and reply was excessive and not reasonable.

14       Counsel also assert they spent approximately 48 hours of time (approximately 15 hours by
15 Price and approximately 33 hours by Schmidt) preparing Plaintiff's objections to the Magistrate
16 Judge's findings and recommendations.  Doc. No. 159-1 at 4-5; Doc. No. 160-4 at 4-8.
17 Approximately 24 hours would have been reasonable given that the objections largely consisted of
18 recitation of facts and testimony pulled from the existing record.  Counsel also contend they spent
19 approximately 36 hours (approximately 7 hours by Price and approximately 29 hours by Schmidt)
20 preparing oppositions to the County's and Nurse Blakely's motions for reconsideration of the
21 Court's ruling regarding spoliation sanctions.  Doc. No. 160-5 at 5-8; Doc. No. 159-1 at 7-8.
22 Approximately 14 hours would have been reasonable given the same body of pulled facts and
23 straightforward legal issues in these oppositions.  Furthermore, apart from the examples above,
24 many additional examples of excessive time entries are prevalent regarding Plaintiff's "Download
25 and Review" of Defendants' briefings, Plaintiff's briefing and replies regarding the proper
26 sanctions to be imposed on the County, Plaintiff's briefing regarding his request for attorney fees
27 amount, and email correspondences between co-counsel and with Defendants.  As mentioned
28 above, counsel do not argue or present any evidence that their briefings involved novel or difficult

5

1  questions.  Additionally, as discussed above, many of their time entries provide redundant and
2  nearly identical work descriptions regarding the same matter.  Because counsel did not submit
3  evidence showing the distinct work each performed or their division of labor when they worked on
4  the same matter, their redundant time entries and virtually identical work descriptions warrant a
5  reduction of hours worked.

6  Furthermore, many of counsel's time entries are unnecessary in that they list work they
7  would have performed regardless of the spoliation motion.  For example, drafting and serving the
8  initial evidence preservation letter and preparing for and conducting the Rule 30(b)(6) deposition
9  would have occurred regardless of the spoliation issue.  Additionally, many of counsel's time
10 entries are unnecessary in that they list work unrelated or lacking a significant nexus with the
11 spoliation motion.  For example, Schmidt provides time entries for several requests for extension
12 of time, notices of errata, motion for reassignment of case, and joint status reports.[2]

13 In light of the excessive billing, unnecessary billing, and inadequate detail in the billing
14 descriptions discussed above, and in the absence of any argument or evidence by Plaintiff that the
15 spoliation motion involved novel or difficult questions, the Court finds that a reduction in the
16 hours claimed is justified.  See Archer, 2015 U.S. Dist. LEXIS 172270, at *33 (citing Jadwin v.
17 Cty. of Kern, 767 F. Supp. 2d 1069, 1116-17, 1119, 1136 (E.D. Cal. 2011) (finding reasonable to
18 reduce by nearly 50 percent counsel's requested time in case that did not involve any novel or
19 particularly complex issues)); see also Alvarado v. FedEx Corp., 2011 U.S. Dist. LEXIS 112997,
20 at *59-61 (N.D. Cal. Sep. 30, 2011) (finding repeated excessive billing justified a 40% across-the-
21 board fee reduction).  Therefore, the Court finds that 147.6 is a reasonable number of hours for
22 Schmidt, and 31.2 is a reasonable number of hours for Price in bringing Plaintiff's spoliation
23 motion.  Jadwin, 767 F. Supp. 2d at 1116-17, 1119, 1136; Archer, 2015 U.S. Dist. LEXIS 172270,
24 at *34; Alvarado, 2011 U.S. Dist. LEXIS 112997, at *59-61; see also Leu v. Kijakazi, 2022 U.S.
25 Dist. LEXIS 221921, *9 (E.D. Cal. Dec. 8, 2022) (reducing overall fee attorney fee award by
26 approximately 50%); Monroe v. Metro. Life Ins. Co., 2022 U.S. Dist. LEXIS 38199, *19 (E.D.

27

28 [2] Even if some of these tasks were somehow necessary, their corresponding time entries suffer from the same problems (excessive, redundant, vague, etc.) discussed above.

Cal. Mar. 2, 2022) (same). Accordingly, Schmidt is entitled to $47,970 and Price is entitled to $12,480 in attorney fees. In total, Plaintiff is entitled to $60,450 in attorney fees.

### Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff is awarded SIXTY THOUSAND FOUR HUNDRED AND FIFTY DOLLARS ($60,450) in attorney fees against Defendant County.

IT IS SO ORDERED.

Dated: __April 27, 2023__                     _____
                                              SENIOR DISTRICT JUDGE