UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCALIA, *individually and as successor in interest for* KIMBERLEY MORRISEY-SCALIA.<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | Case No. 1:17-cv-01097-NODJ-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE SUCCESSORS IN INTEREST IN PLACE OF PLAINTIFF<br><br>(Doc. 177) |

Plaintiff John Scalia ("Mr. Scalia") commenced this action with the filing of a complaint on August 14, 2017, and the operative, amended complaint on December 15, 2017, in which he asserts claims individually and on behalf of his late-wife, Kimberly Morrisey-Scalia ("Mrs. Scalia"), who died after falling twice from her bunk as a pretrial detainee at Kern County Jail. (Doc. 1; Doc. 15).

On October 20, 2023, counsel for Plaintiff filed a suggestion of death on behalf of Plaintiff. (Doc. 176). Mr. Scalia's certificate of death, which is attached to the suggestion of death, indicates that he died on September 9, 2023. *Id.* Thereafter, on November 22, 2023, counsel for Plaintiff filed a motion to substitute in which he seeks to substitute Melissa Perry and Christine Rodart in place of Plaintiff Scalia. (Doc. 177). Perry and Rodart are Mr. Scalia's

1  daughters and his successors in interest.  Defendants filed an opposition to Plaintiff's motion on
2  December 6, 2023 (Doc. 179), and Plaintiff timely filed a reply (Doc. 180).
3  **Legal Standard**
4       Pursuant to Federal Rule of Civil Procedure 25(a)(1), if a party dies and the claim is not
5  extinguished, the court may order substitution of the proper party.  Fed. R. Civ. P. 25(a)(1).  A
6  motion for substitution may be made by any party or by the decedent's successor or
7  representative.  *Id*.  If any such motion for substitution is made more than 90 days after service of
8  a statement noting death, the action by or against the decedent must be dismissed.  *Id*.
9       In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is
10 timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper
11 party.  *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3,
12 2021).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same
13 position as [the] original party."  *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th
14 Cir. 1996)).  "Rule 25(a) should be applied flexibly and liberally to permit substitution of the
15 party or parties who…would adequately represent [the decedent's] interests."  *Id.* (quoting *In re*
16 *Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).
17 **Discussion and Analysis**
18      Plaintiff's motion was timely filed because counsel for Mr. Scalia filed the request for
19 substitution within 90 days of the suggestion of death. (Doc. 177).
20      The question of whether an action survives the death of a party "must be determined by
21 looking towards the law, state or federal, under which the cause of action arose."  *Stribling v.*
22 *Lucero,* No. 2:16-cv-014388-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021)
23 (citation omitted).  For actions under § 1983, the law of the forum state determines whether the
24 action survives or is extinguished upon the death of a party.  *See* 42 U.S.C. § 1988(a); *Robertson*
25 *v. Wegmann*, 436 U.S. 584, 592-95 (1978).  In California, "a cause of action for or against a
26 person is not lost by reason of the person's death but survives subject to the applicable limitations
27 period." Cal. Code Civ. Proc. § 377.20(a).  Accordingly, here, since the forum state is California
28 and the claims presented either fall under § 1983 or California law, Plaintiff's death did not

extinguish the action. *Gutierrez v. Tucker*, No. 2:19-cv-0878-JAM-DMC-P, 2021 WL 5263847, at *2 (E.D. Cal. Apr. 20, 2021) (citing, *inter alia*, *Kaplan v. County of Kern*, No. 1:14-cv-00206-DAD-JLT, 2016 WL 3196740, at *2 (E.D. Cal. June 8, 2016)).

California permits pending proceedings to survive a plaintiff's death if the underlying cause of action survives. Cal. Code Civ. Proc. § 377.21. The action that survives the death of a party entitled to bring the action passes to the decedent's successor in interest, subject to California's Probate Code. Cal. Code. *See* Civ. Proc. § 377.30. The action may be initiated by the decedent's personal representative or, if there is no personal representative, by the decedent's successor in interest. *Id.*

Relevant here, a decedent's "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is subject of a cause of action." Cal. Code Civ. Proc. § 377.11.

The California Code of Civil Procedure also provides that:

> The person who seeks ... to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit or declaration under penalty of perjury under the laws of this state stating all of the following:
>
> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
>
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
>
> (5) Either of the following, as appropriate, with facts in support thereof:
>
> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
>
> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the

>California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
>
>(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
>
>(7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal. Code Civ. Proc. § 377.32(a). Additionally, a certified copy of the decedent's death certificate must be attached to the affidavit or declaration. *Id*. at § 337.32(c). *Kaplan*, 2016 WL 3196740, at *2; *Christian v. Macias*, No. 2:21-cv-0305-KJN-P, 2023 WL 4602813, at *2 (E.D. Cal. July 18, 2023).

As Kimberly Morrisey-Scalia's spouse at the time of her passing, Mr. Scalia was Kimberly's successor in interest. (Doc. 15-1); Cal. Code Civ. Proc. § 377.11. Mr. Scalia died intestate. (Doc. 177-7). Perry and Rodart's affidavits include the information outlined above in California Code of Civil Procedure 377.32. (Doc. 177-1, 177-2). Mr. Scalia died on September 9, 2023, in the City of Taft, Kern County, California. (Doc. 177-1 ¶1). No proceeding is pending for administration of his estate, and no other person is contesting that Rodart and Perry are Mr. Scalia's co-successors in interest. *Id*. at ¶6.

Defendants argue that there are no adequate personal representatives to prosecute the survival actions originally belonging to Kimberly Morrisey-Scalia's estate following Mr. Scalia's death. Defendants additionally suggest that Perry and Rodart are Mrs. Scalia's stepchildren. (Doc. 179 p. 2 n.1).

In *Chavez v. Carpenter*, a decedent was survived by his daughter, who then died in an unrelated automobile accident. *Chavez v. Carpenter*, 91 Cal. App.4th 1433, 1436 (2001). The decedent's parents attempted to bring the wrongful death cause of action on behalf of the decedent, but the court found that the daughter's successor in interest had standing to sue on her behalf instead. *Id*. at 1444.

4

Just as in *Chavez*, Mrs. Scalia's causes of action were survived by Mr. Scalia, and once Mr. Scalia died — those causes of action then passed on to his successors in interest. *See Venerable v. City of Sacramento*, 185 F. Supp.2d 1128, 1130 (E.D. Cal. 2002) ("Venerable's children are clearly successors in interest to Venerable and, therefore, may pursue a survival action in addition to a wrongful death claim.").

Defendants argue that Rodart and Perry are not proper plaintiffs to prosecute Mrs. Scalia's survival claims. However, Defendant cites no authority for the proposition that substitution should be denied based on the damages available once a substitution occurs. Thus, the Court declines to address the issue of damages at this time. *See Kaplan*, 2016 WL 3196740, at *2 ("Defendant has presented no authority for the court to exercise its discretion with respect to substitution on the basis of the categories of damages available. In any event, the court declines to do so.")

**Conclusion and Order**

1. Plaintiff's motion to substitute (Doc. 177) is GRANTED;
2. Melissa Perry and Christine Rodart are substituted as successors in interest for plaintiff John Scalia; and
3. The Clerk of the Court is directed to substitute Melissa Perry and Christine Rodart, each as Plaintiffs and as successor in interest, in place of John Scalia.

IT IS SO ORDERED.

Dated: **February 16, 2024**

UNITED STATES MAGISTRATE JUDGE