1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MELISSA PERRY, individually and as          Case No.  1:17-cv-001097-KES-CDB
     successor in interest for Kimberley
12   Morrisey-Scalia,                            ORDER DIRECTING DEFENDANTS TO
                                                 SHOW CAUSE WHY SANCTIONS SHOULD
13                                               NOT ISSUE FOR DEFENDANTS FAILURE
                                                 TO COMPLY WITH COURT ORDER AND
14   CHRISTINE RODART, individually and          PARTICIPATE IN SETTLEMENT
     as successor in interest for Kimberley      CONFERENCE IN GOOD FAITH
15   Morrisey-Scalia,
                                                 FOURTEEN-DAY RESPONSE PERIOD
16                   Plaintiffs,

17           v.

18   COUNTY OF KERN,
     A municipal corporation,
19
     ROWENA P. BLAKELY, R.N.,
20
                     Defendants.
21

22       This civil rights action stems from the in-custody death of Kimberley Morrissey-Scalia

23   while a pretrial detainee in Lerdo Pre-Trial Facility in Kern County.  On April 4, 2024, the parties

24   filed a Joint Status Report in response to the Court's March 21, 2024.[1]  (Doc. No. 186).   Therein,

25   the parties stated, "This case would benefit from a settlement conference before a magistrate

26

27   [1] Upon reassignment to Judge Kirk E. Sherriff, the Court directed "[t]he parties to meet and confer and file by
     4/4/2024 a joint status report of no more than five (5) pages informing the Court of the status of the case, the
     estimated number of trial days based on a 9:00 a.m. to 4:30 p.m. schedule, and whether the parties would benefit
28   from a settlement conference before a magistrate judge."  (Doc. No. 185).

1  judge, as no ADR has occurred yet." (*Id*. at 4:20-21).  On April 17, 2024, this case was set

2  before the undersigned for a settlement conference for June 26, 2024.  (Doc. No. 191).  On May

3  1, 2024, the undersigned issued an Order Setting Settlement Conference and Parameters and

4  Scheduling Pre-Conference Telephonic Discussion.  (Doc. No. 195, the "SC Order").   The SC

5  Order instructed "If any party believes that the settlement conference will not be productive, that

6  the party shall so inform the court as far in advance of the settlement conference as possible."

7  (*Id*. at 1:24-25; 2:1).  The SC Order directed that the statement should not exceed 10 pages but

8  should address specific items.  (*Id*. at 3:9-28).  The SC Order further directed plaintiffs' counsel

9  to submit a written itemization of damages and settlement demand to defendants' counsel no later

10  than May 17, 2024, and for defendants' counsel to submit a written offer to plaintiffs' counsel no

11  later than May 31, 2024.  (*Id*. at 2:4-9).  Finally, the parties were directed to include their

12  respective demand and offer letter with their Settlement Conference Statements, which were due

13  with the Court no later than June 14, 2024.  (*Id*. at 2:9-11).

14  　　　After being granted an extension of time, the parties each provided their confidential

15  Settlement Conference Statements ("SCS") to the undersigned and filed a notice of submission on

16  the docket on June 18, 2024. (Doc. No. 198, 199, 200).  Notably, although plaintiffs' counsel

17  timely submitted a settlement demand to defense counsel on May 17, 2024 consistent with the

18  Court's SC Order, neither defense counsel submitted a written offer to plaintiffs' counsel by May

19  31, 2024.  Based on the documents submitted by plaintiffs' counsel, defense counsel for Kern

20  County never submitted a response to plaintiffs' May 17, 2024 settlement demand, and defense

21  counsel for defendant Blakely submitted an untimely response on June 11, 2024.

22  　　　On June 21, 2024, at 10:00 a.m., the undersigned held a pre-settlement teleconference

23  with plaintiffs' counsel, which lasted approximately 50 minutes.  The same day, at 11:00 a.m., the

24  undersigned held a pre-settlement teleconference with defendants' counsel, which lasted

25  approximately 5 minutes.  Defense counsel confirmed that consistent with their statements in

26  their Settlement Conference Statement they did not anticipate settling this case and intended to

27  take the case to trial.  Based on the statements of defense counsel, the Court vacated the June 26,

28  2024 finding that "further settlement discussion would not be fruitful."  (Doc. No. 201).

1    The Court expects that, where the parties have requested a settlement conference, they

2  intend to engage in good faith negotiations to settle the matter.  "The purpose of a settlement

3  conference is to facilitate a settlement or to narrow the disparity between the parties by the candid

4  input of a neutral, disinterested judicial officer."  *Pittman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485

5  (D. Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003).  This

6  Court spends considerable time preparing for settlement conferences to make the settlement

7  conference meaningful to the parties and results in a greater likelihood of settlement success.

8  Settlement conferences are extremely important in this district where the judges have one of the

9  highest caseloads per judge in the United States.  Moreover, settlement conferences benefit the

10  parties by reaching a just, speedy, and inexpensive determination of an action consistent with

11  Rule 1, Fed. R. Civ. P.  Indeed, this Court's Local Rules mandate that "[a] settlement conference

12  shall be held in all actions unless otherwise ordered by the Court on objection of a party of for

13  other good cause."  Local Rule 270(a).  This Court's time is limited, and the time spent in

14  preparation by the Court for the settlement conference is at the expense of other litigants who

15  wish to appear before the undersigned.

16    Here, although plaintiffs' counsel complied with the SC Order and submitted a settlement

17  demand, defense counsel for Kern County made no counteroffer, and defense counsel for

18  defendant Blakely made a belated counteroffer to waive costs.  Counsel for plaintiffs expended

19  time preparing their Settlement Conference Statement and participating in the Pre-Settlement

20  Teleconference.  Additionally, plaintiffs' counsel advised the Court during the Pre-Settlement

21  Teleconference that plaintiff Perry had made travel arrangements from Hawaii to California to

22  attend the Settlement Conference with counsel.  Further, defendant County of Kern's confidential

23  Settlement Conference Statements did not provide the Court with information for all of the

24  categories requested in the SC Order.

25    The Court acknowledges that defendants are not required to participate in a settlement

26  conference, nor are they required to offer any amount in settlement of this action.  But where the

27  parties have requested a settlement conference, the Court expects the parties to engage in good

28  faith settlement negotiations to settle the matter.  This matter has been pending since 2017.  The

3

1   previously assigned district judge granted in part and denied in part summary judgment, denying

2   summary judgment as to the claims against defendant Blakely, including Fourteenth Amendment

3   deliberate indifference to Mrs. Morrissey-Scalia's serious medical condition, Bane Act claim, and

4   punitive damages claim, as well as the *Monell* claim against Kern County.  Additionally,

5   plaintiffs' motion for spoliation sanctions was granted against Kern County.  Defendants may

6   take the position that plaintiff's case lacks merit and may believe they will prevail at trial,

7   however they requested a settlement conference.  By agreeing to the settlement conference,

8   defendants caused plaintiffs to expend time preparing their confidential Settlement Conference

9   Statement, which comprised 10 pages with 170 pages of exhibits, and participate in a 50-minute

10   pre-settlement teleconference.  Had defendants' counsel notified plaintiffs that they did not intend

11   to settle this matter or notified the Court as directed in its SC Order that they did not believe a

12   settlement conference would be productive instead of waiting until the eve of the Settlement

13   Conference, the Court would have vacated the conference earlier and plaintiffs' counsel could

14   have avoided unnecessary expenses.

15   All parties are required to follow the Court order.   As the Ninth Circuit has emphasized, a

16   court order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by

17   counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)

18   (internal quotations and citations omitted).  And, Federal Rule of Civil Procedure 16(f) provides

19   that the Court may order any "just" sanction if a party or its attorney fail to obey a pretrial order

20   or otherwise fails to participate in a pretrial conference or a settlement conference in good faith.

21   *Apelian v. Allstate Ins. Co.*, 737 F. App'x 327, 329 (9th Cir. 2018).

22   Federal Rule 16(f) applies to all pretrial order, including court-mandated  settlement

23   conferences.  *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir.

24   1993); *Smith v. Northwest Financial Acceptance, Inc*., 129 F.3d 1408, 1419 (10th Cir.

25   1997).  Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with

26   authority to impose sanctions  for the "[f]ailure of any counsel . . . to comply with  . . . any order

27   of the court." Local Rule 110.

28   Unequivocally, no party is required to participate in a settlement conference or make an

4

1  offer of settlement and may maintain a "no pay" position and proceed to trial.  *Negron v.*

2  *Woodhull Hosp.*, 173 Fed. App'x 77, 79 (2d Cir. 2006).  Nor can a court "force a party to settle,

3  nor may it invoke 'pressure tactics' designed to coerce settlement."  *Newton v. A.C. & S., Inc.*,

4  918 F. 2d 1121, 1126 (3d Cir. 1990).

5  Here, the conduct the Court finds concerning and objectionable is that defendants

6  represented to the Court and to plaintiffs that a settlement conference would be beneficial and

7  caused plaintiffs to incur costs, expenses, and inconvenience in preparation for the settlement

8  conference with full knowledge that they did not intend to settle this matter and instead intended

9  to proceed to trial.  Further, defendants failed to comply with the SC Order by timely responding

10  to plaintiffs' settlement demand, or not responding at all, and failing to notify the Court that

11  settlement would not be beneficial prior to the pre-settlement teleconference.  Additionally,

12  defendant County of Kern failed to fully address the categories of information requested in the SC

13  Order.

14  Accordingly, it is hereby ORDERED:

15  Within fourteen (14) days of the date of entry of this Order, defendants SHALL SHOW

16  CAUSE IN WRITING why sanctions should not issue requiring payment of plaintiffs' attorney

17  fees incurred in preparing for the settlement conference for this action.

18  Dated:    June 26, 2024

19  HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28