UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PERRY, et al., | No. 1:17-cv-01097-KES-CDB |
| Plaintiff, | ORDER |
| v. | |
| COUNTY OF KERN, et al., | |
| Defendants. | |

On May 9, 2025, plaintiffs' counsel Jeff Price filed a declaration. Doc. 319. For purposes of this Order, the relevant parts of the declaration concern Exhibit 701 in the admitted exhibit binder. In his declaration, Mr. Price accuses defendant Blakely's counsel, Hugh Spackman, of intentionally causing page 13 of Exhibit 701 (Ex. 701-13) to be placed out of page order in the admitted exhibit binder prior to closing arguments and alleges that this was done to somehow prejudice plaintiffs' counsel. Doc. 319 ¶ 54. As the Court noted in court on May 9, 2025, and as further addressed below, Mr. Price's allegations are entirely unsupported and the Court finds them to be meritless.

At the close of the evidence, the Court instructed counsel to review the Court's admitted exhibit binder to ensure that all admitted exhibits had been added to the binder. Doc. 320 ¶ 4. Mr. Price reviewed the admitted exhibit binder with the courtroom deputy on May 7, 2025, after

1

the jury was excused, and he noted additional admitted exhibits to be added. Doc. 319 ¶¶ 3, 4. These included Exhibit 701. Mr. Price estimates that this review process lasted approximately one hour and "[a]t the end of that process Exhibit 701 was in the [admitted exhibits] binder behind the tab." Doc. 319 ¶¶ 4, 6.

On the following morning, May 8, 2025, counsel for defendant County of Kern, Kimberly Marshall, and Blakely's counsel's paralegal, Romana Ramirez, reviewed the admitted exhibits binder prior to the parties' closing arguments. Doc. 322 ¶ 3. Ms. Marshall and Ms. Ramirez have submitted declarations confirming that they did not remove or rearrange Ex. 701-13 or any other exhibit in the binder. Docs. 321 ¶ 3; 322 ¶ 3.

The Court permitted Mr. Price to use exhibits from the Court's admitted exhibit binder during his rebuttal closing argument—although Mr. Price already had identical copies of all such exhibits in plaintiff counsels' set of exhibits. During his closing argument, Mr. Price removed several exhibits from the admitted exhibit binder to show them to the jury, including Exhibit 701. During his argument, Mr. Price stated that page 13 of Exhibit 701 (Ex. 701-13) was not in the admitted exhibit binder. The Court noted that Exhibit 701-13 was in evidence, and Mr. Price promptly obtained a copy from his co-counsel. Mr. Price then displayed and effectively used a copy of Ex. 701-13 during his argument. It was later determined that Ex. 701-13 was in fact in the admitted exhibit binder, but that the page was out of order by several pages. Doc. 319 ¶ 50.

In his declaration, Mr. Price states:

> On the morning of May 8, 2025, before proceedings commenced, Romana Ramirez, who has been working for Hugh S. Spackman, of Clinkenbeard, Spackman, Ramsey & Clark, LLP, throughout the trial in this case, since April 22, 2025, had the original court exhibit binder at the defense counsel table and was reviewing the exhibit binder with the defense team.

Doc. 319 ¶ 7. Mr. Price then alleges:

> I believe that Hugh Spackman caused page 701-13 to be removed from its place between pages 701-12 and 701-14 in the Court's original exhibit binder or was aware of this knowing that if I referred to the page in closing argument I would find it missing and might indicate that to the jury and that this would bolster his argument that the alleged Medical Instruction Sheet went missing from Ms. Scalia's medical file.

2

1  *Id.* ¶ 54.  Mr. Price did not provide any factual basis for his "belief" that Mr. Spackman caused

2  the exhibit page to be moved or that Mr. Spackman allegedly did so to prejudice Mr. Price,

3  purportedly "knowing" that Mr. Price might refer to the page in his closing argument.

4     On May 9, 2025, defense counsel filed several declarations in response to Mr. Price's

5  May 9 declaration.  Mr. Spackman's declaration states that he "at no time obtained or reviewed"

6  the admitted exhibits binder, but rather, he asked his paralegal Ms. Ramirez to review the binder.

7  Doc. 320 ¶¶ 4, 5.  Mr. Spackman did not remove or re-arrange Exhibit 701-13.  *Id.* ¶ 5.

8  Ms. Ramirez's declaration indicates that she worked with Ms. Marshall to review the admitted

9  exhibit binder.  Doc. 322 ¶ 3.  Ms. Ramirez confirms that neither she nor Ms. Marshall removed

10  Ex. 701-13 or any other exhibit from the admitted exhibits binder.  *Id.* ¶ 3.  Ms. Marshall's

11  declaration confirms that they did not remove any exhibits from the admitted exhibit binder and

12  that any allegation that Ex. 701-13 was removed or rearranged is false.  Doc. 321 ¶ 3.

13     Under Federal Rule of Civil Procedure 11 when attorneys sign and file any "pleading,

14  written motion, or other paper," they are certifying that "to the best of [their] knowledge,

15  information, and belief, formed after an inquiry reasonable under the circumstances,"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

24  Fed. R. Civ. P. 11(b).

25     A court may impose sanctions for violations of Rule 11(b) in response to a party's motion

26  or on its own initiative.  *See* Fed. R. Civ. P. 11(c).  Before imposing sanctions, courts must

27  provide "notice and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c)(1).  "Whether to

28  impose sanctions is determined by the reasonableness of inquiry into the law and facts, not the

3

good or bad faith of the signatory." *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 950 (E.D. Cal. 2005) (citing *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003)). "Sanctions under Rule 11 are not limited to instances in which a pleading as a whole is frivolous, or of a harassing nature. Rather, sanctions may be imposed for improper or unwarranted allegations even though at least one non-frivolous claim has been pled" if a reasonable inquiry under the circumstances was not conducted. *Id.*

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). An attorney exhibits bad faith by "knowingly or recklessly rais[ing] a frivolous argument or argu[ing] a meritorious claim for the purpose of harassing an opponent." *Id.* (quoting *Est. of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)); *see also Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ("[R]ecklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power.").

Further, the Court has "inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). This "inherent power extends to a full range of litigation abuses," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), including the authority to "assess attorneys' fees . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Roadway Exp.*, 447 U.S. at 766 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Id.* (alterations omitted) (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973)).

There is not the slightest support for Mr. Price's accusation against Mr. Spackman or for Mr. Price's implied allegation against Mr. Spackman's paralegal. There is no evidence whatsoever that any member of the defense team removed or rearranged Ex. 701-13. Rather, the record reflects that Mr. Price is the only one who removed Ex. 701 from the admitted exhibit

4

1  binder on May 8.  There are any number of ways that Ex. 701-13 could have been placed out of
2  page order, including when Mr. Price removed Exhibit 701 from the binder to use it during his
3  closing.  Mr. Price may have inadvertently placed Ex. 701-13 out of order at that time.  Ex. 701-
4  13 may also have been inadvertently placed out of page order when Exhibit 701 was added to the
5  admitted exhibit binder on May 7, 2025, from the set of plaintiffs' exhibits previously provided
6  by plaintiffs to the Court.[1]

7  Nor was there any prejudice to plaintiffs' counsel, or any evidence of an attempt to
8  prejudice plaintiffs' counsel.  Even if Ex. 701-13 was slightly out of page order at the time of the
9  closing arguments, plaintiffs' counsel had a copy of that "missing" page and Mr. Price promptly
10 and effectively used Ex. 701-13 during his closing argument.[2]

11 On May 11, 2025, Mr. Price filed a further declaration, in which he states:  "I apologize
12 for failing to maintain decorum during the trial in this case."  Doc. 324.  He further acknowledges
13 that "[t]he Court, the jury, the parties and counsel deserve better."  *Id.*  Mr. Spackman submitted a
14 further declaration on May 12, 2025, noting that Mr. Price's May 11, 2025 declaration does not
15 withdraw his allegations against Mr. Spackman, or, by extension, against Mr. Spackman's
16 paralegal.  Doc. 325.  While noting that he and his staff incurred time in preparing declarations in
17 response to Mr. Price's meritless allegations, Mr. Spackman states that he is "not interested in
18 obtaining monetary sanctions against Mr. Price at this time," but Mr. Spackman "do[es] however
19 request a judicial finding relative to the allegations made against [him] by Mr. Price."

20 The Court finds that Mr. Price's accusations in his May 9, 2025 declaration against Mr.
21 Spackman, and implicitly against Mr. Spackman's paralegal, with respect to Ex. 701 are frivolous
22 and entirely without merit.  Mr. Price's allegations are not just meritless in retrospect, they were
23 frivolous and entirely without factual support when made.  In light of the fact that defense counsel
24 is not seeking monetary sanctions, the Court will not impose monetary sanctions on Mr. Price at

---

[1] The Court notes that several exhibits in plaintiffs' exhibit binders contained copying, printing and/or compiling errors.  The Court pointed out at trial that Ex. 37 was missing a page, which plaintiffs corrected.  The Court also pointed out that the photograph at Ex. 5-2 appeared to have been incorrectly printed, which plaintiffs then corrected.

[2] Ex. 701 was placed in the correct order before the exhibit binder went to the jury.

1 | this time.  The Court warns Mr. Price that any further such misconduct will result in sanctions.

3 | IT IS SO ORDERED.

4 |    Dated:   May 12, 2025

UNITED STATES DISTRICT JUDGE